UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN MATTHEW BAKER (6),<br><br>　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Criminal No. 08-CR-256-L-6<br><br>**ORDER DENYING MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(C)(2)** |

On August 15, 2011, Petitioner Allen Matthew Baker ("Petitioner"), proceeding *pro se*, filed a motion for relief of sentence pursuant to 18 U.S.C. § 3582(c)(2). Petitioner's motion is based upon the retroactive amendments to the Sentencing Guidelines that pertain to crack cocaine offenses which became effective November 1, 2011. The Government did not file an opposition to the motion. For the reasons set forth below, Petitioner's motion is **DENIED**.

## BACKGROUND

On August 17, 2009, Petitioner was sentenced to 90 months for Conspiracy to Distribute Crack Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Court found that the base offense level was 34, with minus 3 for acceptance of responsibility, and minus 5 for substantial assistance, for an adjusted base offense level of 26. Petitioner was in criminal history category VI. Therefore, the advisory Guidelines range was 120-150 months. After considering the factors in 18 U.S.C. § 3553(a), the Court sentenced Petitioner to 90 months.

## DISCUSSION

Petitioner now moves for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 750 to the Sentencing Guidelines. Amendment 750 reduces the base offense level for crack cocaine offenses in § 2D1.1(c) of the Sentencing Guidelines, by applying an 18:1 crack-to-powder ratio, instead of a 100:1 ratio. *See* Amendment 750, Supplement to Appendix C, Amendments to the Guidelines Manual. The Sentencing Commission has given this amendment retroactive effect and has listed it in § 1B1.10(c) of the Guidelines, a requirement for retroactive amendments. *See* U.S.S.G. § 1B1.10(c). Petitioner falls within the purview of this change.

A motion for reduction of sentence under § 3582(c)(2) "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the guidelines." *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (quoting *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (internal quotation marks omitted)). Whether to reduce a sentence under § 3582(c)(2) is a discretionary decision. *See* 18 U.S.C. § 3582(c)(2) ("[T]he court *may* reduce the term of imprisonment.") (emphasis added); *Townsend*, 98 F.3d at 512 ("[T]he decision whether to reduce a sentence under § 3582 is within the discretion of the district court judge."); *United States v. Cueto*, 9 F.3d 1438, 1440 (9th Cir. 1993) ("Courts have discretion to reduce a previously imposed term of imprisonment when the Sentencing Commission reduces the sentencing range, and the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.' ") (quoting 18 U.S.C. § 3582(c)(2)).

In determining whether a sentence should be modified following amendment of the Guidelines, the Court should consider the term of imprisonment that it would have imposed had the amendment to the Guidelines been in effect at the time the particular defendant was sentenced. U.S.S.G. § 1B1.10(b). In addition, the Court must consider the 18 U.S.C. § 3553(a) factors[1] and the

---

[1] Section 3553(a) directs a court to consider the following factors in determining the particular sentence to be imposed: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for: (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines. . .

danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n. 1(B). The Court may also consider the defendant's post-sentencing conduct. *Id.*

Applying the amended Guidelines, Petitioner's new offense level is 24. Petitioner remains in a criminal history category VI. Therefore, the resulting applicable guideline range is 100-125 months.

Petitioner's offense in this case involved a very serious drug conspiracy. Petitioner, along with twelve co-defendant's were charged with conspiring to distribute crack cocaine and methamphetamine. However, Petitioner played a minor role in the conspiracy. Petitioner also cooperated with the Government.

At the time of his sentencing, Petitioner was 38 years old, and had a lengthy criminal history. Petitioner also had a history of gang affiliation and substance abuse. Although his criminal history was significant, Petitioner has never been convicted of a violent crime, or arrested for violent activity. It appears that most of his prior violations were drug related, and it is apparent that Petitioner is in need of drug rehabilitation. To his credit, Petitioner has obtained his GED.

The Court notes that during his incarceration, Petitioner has sought out further educational training. He is participating in a drug treatment program, and has completed several courses including a parenting class.

When the Court previously considered the §3553(a) factors at Petitioner's sentencing, the Court believed that a below-Guideline sentence was appropriate. After considering the §3553(a) factors anew, the danger to the public created by any reduction in Petitioner's sentence, and the information regarding Petitioner's post-sentencing conduct, the Court finds no further reduction in Petitioner's sentence is warranted. Petitioner's original 90 month sentence is still less than the low-end of the new Guideline range. The purpose and effect of the Fair Sentencing Act was to reduce the disparity between crack and powder cocaine in sentencing. In the unique circumstances of this case, there is no disparity to correct because Petitioner's original sentence falls below the applicable guideline range. The Court considers the originally imposed sentence of 90 months as the minimum

---

(5) any pertinent policy statement . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

3

necessary to address Petitioner's conduct, and thereby declines to reduce his sentence further.

## CONCLUSION

Based on all of the above considerations, Petitioner's motion for a reduction in his sentence is DENIED.

**IT IS SO ORDERED.**

DATED: February 13, 2012

_____
M. James Lorenz
United States District Court Judge

COPIES TO:

PETITIONER
U.S. ATTORNEY'S OFFICE